**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**CASE NO.:** 2:26-cv-1520-RJC

**ZENG,**

                                                        Judge Robert J. Colville

Plaintiff,

v.

**THE INDIVIDUALS, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"**
Defendants.

_____/

**DEFENDANT'S AMENDED RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR <u>ALTERNATIVE SERVICE UNDER FED. R. CIV. P. 4(f)(3)</u>**

Defendant ShenZhenShiDeLaMuDianZiShangWuYouXianGongSi d/b/a Delamu Official ("Defendant"), by and through undersigned counsel, respectfully amends its Brief in Response [DE 14] and submits this Response in Opposition to Plaintiff's Motion for an Order Authorizing Alternative Service (ECF No. 5).

### I. Introduction

Plaintiff seeks authorization to serve Defendant by email or electronic publication under Rule 4(f)(3), claiming that Defendants have "provided no means by which they may be identified or contacted beyond their Amazon.com or other Marketplace Account names" and have deliberately remained anonymous. These representations are incorrect.

Defendant's publicly available Amazon seller profile clearly discloses both its full legal business name and a complete physical address in China. Because a known address in China

exists, service must be effected in accordance with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. Alternative service under Rule 4(f)(3) is neither necessary nor appropriate.

## II. Argument

### A. A Complete Physical Address in China Is Publicly Available

Defendant's Amazon seller profile for "Delamu Official" prominently displays the following information available at https://www.amazon.com/sp?ie=UTF8&seller=A3MCRJA05CNKN2&asin=B07GPFDL1K&ref_=dp_merchant_link&isAmazonFulfilled=1:

- Business Name: ShenZhenShiDeLaMuDianZiShangWuYouXianGongSi

- Business Address:

粤海街道高新区社区
高新南七道138号惠恒大楼一期324
深圳市
南山区
广东省
518000
CN[1]

This information is readily accessible on Amazon's public seller profile page. A true and correct copy of the relevant pages of the seller profile is attached hereto as Exhibit A. Undersigned is proficient in Chinese and a quick search via baidu.com (equivalent of google.com in China) will render the result that such address is verifiable.

---

[1] English translation: Room 324, Phase 1, Huiheng Building, No. 138, Gaoxin South 7th Road Gaoxin District Community, Yuehai Subdistrict, Nanshan District, Shenzhen City, Guangdong Province, China

Plaintiff's assertion that Defendants have provided "no means" of identification or contact beyond marketplace account names is simply false. The full legal name and a complete street address in Shenzhen, China are publicly listed.

**B. Because an Address in China Is Known, the Hague Convention Applies**

Rule 4(f)(1) requires service on an individual or entity in a foreign country by any internationally agreed means reasonably calculated to give notice, such as those authorized by the Hague Service Convention. China is a signatory to the Convention. When a defendant's address is known, the Convention's procedures (service through China's Central Authority) must be followed.

Rule 4(f)(3) permits alternative service only by means "not prohibited by international agreement, as the court orders." It is not a substitute for the Hague Convention when the defendant's address is known and conventional service under the Convention is available. Courts routinely deny or limit Rule 4(f)(3) relief in these circumstances.

Plaintiff's Motion is premised on the claim that no physical address exists. That factual premise is incorrect. The existence of a known Chinese address requires Plaintiff to attempt service under the Hague Convention.

**C. Plaintiff Failed to Exercise Due Diligence**

Plaintiff's Motion and supporting declaration assert that Defendants operate anonymously and that no contact information is available. A simple review of the publicly available Amazon seller profile reveals the business name and full address. Plaintiff either failed to conduct basic due diligence or omitted material information from its presentation to the Court.

In either event, the Court should not authorize alternative service on the basis of an incomplete or inaccurate record.

### III. Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court:

1. Deny Plaintiff's Motion for Alternative Service under Rule 4(f)(3);

2. Require Plaintiff to effect service in accordance with the Hague Service Convention; and

3. Grant such other and further relief as the Court deems just and proper.

Dated: August 11, 2026

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu, PLLC
9000 SW 157th St
Palmetto Bay, FL 33157
Tel: (305) 209-6188
Email: jamesliulaw@gmail.com

Attorney for Defendant

### CERTIFICATE OF SERVICE

I certify that on August 11, 2026, a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

/s/ Jianyin Liu

Page 4 of 4